IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMILIO TORRES,

    Petitioner,               No. CIV S-07-1689 LKK CHS

    vs.

SHARON PROSPER,

    Respondent.           ORDER

                                 /

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On December 12, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner was granted an extension of time and has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file,

1

the court finds most of the findings and recommendations to be supported by the record and by proper analysis, with the exception of the magistrate judge's analysis of petitioner's ineffective assistance of counsel claim.

The findings and recommendations properly set forth the standard for consideration of a claim of ineffective assistance of counsel: the petitioner must show that counsel's conduct fell below an objective standard of reasonableness and these errors created a reasonable probability of a different outcome of the proceedings. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 693-94 (1984). Where, as here, the petitioner asserts that his counsel's ineffective assistance resulted in an involuntary plea, to satisfy the prejudice prong, petitioner need only show that his decision to plea guilty would have been different but for counsel's errors. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

With regards to the first prong, the magistrate judge correctly described that it is not ineffective for counsel to fail to pursue lines of investigation for which he had no notice by the defendant. For example, counsel does not act ineffectively if he fails to advise his client of the effect of a prior conviction if the client had not told him of the conviction. <u>Langford v. Day</u>, 110 F.3d 1380, 1387 (9th Cir. 1996) (citing <u>Hill</u>, 474 U.S. at 61-62 (White, J., concurring). Nor does counsel act ineffectively for failing to move to suppress a confession if his client did not inform him that he had not waived his Miranda rights prior to confessing. <u>Id.</u> at 1387.

Here, the magistrate judge concluded that petitioner's trial counsel had not acted ineffectively by failing to interview any of the witnesses or the victim of the robbery for which petitioner had been charged, to which he pled no contest. According to the magistrate judge, counsel had no notice of the need to interview these witnesses because petitioner had not informed him that any evidence presented at the preliminary hearing was untrue or that further investigation was warranted.

This appears to be an unduly narrow reading of <u>Strickland</u> and its progeny. While it is true that counsel has no obligation to investigate a potential defense when his client has provided

2

1  no indication that that defense might be meritorious, see, e.g., Langford, 110 F.3d at 1387,
2  counsel nevertheless has an obligation in every criminal case to conduct reasonable
3  investigations. Strickland, 466 U.S. at 691; Rompilla v. Beard, 545 U.S. 374, 384-86 (2005);
4  Wiggins v. Smith, 539 U.S. 510, 533-34 (2003); see also United States v. Mooney, 497 F.3d 397
5  (4th Cir. 2007); United States v. Barnes, 83 F.3d 934, 939 (7th Cir. 1996). This encompasses a
6  duty to conduct pre-trial investigations; as many courts have held, counsel is ineffective when he
7  fails to interview witnesses identified by the state and likely to be called at trial. See, e.g., United
8  States v. Gray, 878 F.2d 702, 711 (3rd Cir. 1998); Code v. Montgomery, 799 F.2d 1481, 1483
9  (5th Cir. 1986); Sullivan v. Fairman, 819 F.2d 1382, 1391-92 (7th Cir. 1987).

10      Here, police officers testified at the preliminary hearing as to what the asserted victim and
11  witnesses of petitioner's robbery had told him. As the magistrate judge acknowledged, he has
12  declared that he told his attorney "over and over" that he had not been present at the robbery.
13  Declaration of Emilio Torres in Support of Traverse ¶ 5. It is not the case, therefore, that
14  petitioner is now asserting counsel should have pursued a line of defense that he would have had
15  no reason to believe might be fruitful. Instead, petitioner has tendered evidence that he informed
16  his counsel that he was not present during the robbery. In light of this as well as counsel's notice
17  of the witnesses' statements on which the state intended to presumably rely, there simply cannot
18  be a competent, tactical decision for counsel not to have undertaken this most basic pretrial
19  investigation.

20      Moreover, the court cannot agree that plaintiff cannot meet the prejudice prong of the
21  Strikland test. While the magistrate judge is correct that a guilty plea is ultimately the decision of
22  the defendant and not his counsel, it must be informed by competent recommendations by
23  counsel. Hill, 474 U.S. at 60. In other words, a defendant may be prejudiced if he has been
24  advised to plead guilty based on counsel's inadequate investigation of the facts and subsequent
25  advice as to the strength of his defense. Id. Here, petitioner has declared that he would not have
26  pled guilty had he known that the officers' testimony was untrue and that the asserted witnesses

would have testified that they petitioner not been present at the robbery. Declaration of Emilio Torres in Support of Petition for Habeas Corpus ¶¶ 5-7. This suffices to satisfy the prejudice prong of the Strickland analysis in the plea context. Hill, 474 U.S. at 58-59.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 12, 2008, are adopted in full except as to petitioner's claim of ineffective assistance of counsel. The court declines to adopt the findings and recommendations as to the claim of ineffective assistance of counsel.

2. The case is referred to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

DATED: July 31, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT