IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMILIO TORRES,

    Petitioner,                                     No. CIV S-07-1689 LKK CHS P

    vs.

SHARON PROSPER,

    Respondent.                     ORDER SETTING EVIDENTIARY HEARING

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. §2254. At issue is the constitutionality of his robbery conviction entered in the Sacramento County Superior Court, Case 00F00392.

        For the reasons set forth in the order of the Honorable Lawrence K. Karlton, District Judge, signed on July 31, 2009, and filed on August 3, 2009, IT IS HEREBY ORDERED AS FOLLOWS:

        I. This case is set for evidentiary hearing on November 16, 2009, at 9:00 a.m., at the Robert T. Matsui United States District Courthouse, 501 I Street, Sacramento, California, 95814-7300, in a courtroom to be announced. The sole issue to be addressed at the hearing is whether petitioner received effective assistance of counsel prior to and through entry of his no

contest plea to the robbery offense at issue in this habeas corpus proceeding.

  II. Within 14 days of the date of this order, counsel for each side shall jointly confer and file with the court a status report, signed by counsel for each side, stating:

   1. The name and address of each witness each party intends to call to testify at the hearing;

   2. The amount of time each party anticipates will be necessary to present all of its witnesses and any exhibits; and

   3. A statement resulting from such consultation of all

    a. stipulations of fact; and

    b. stipulations of authenticity of exhibits to be offered in evidence.

  III. At the hearing, the parties shall furnish an exhibit book which shall contain copies of all exhibits to be offered, whether authenticity has been previously stipulated to or not, for the court's use at the hearing.  The parties are advised that sworn affidavits or declarations under penalty of perjury will not be accepted in lieu of live witness testimony since the issue presented involves credibility determinations. *See Blackledge v. Allison*, 431 U.S. 63, 82 at n.25 (1977) (noting that resolution on the basis of affidavits can rarely be conclusive when the issue is one of credibility).  Such documents would, if appropriate, be admissible for impeachment or other purposes permissible under the Federal Rules of Evidence.

  IV. Each side is responsible for timely presenting any needed petitions for writs of habeas corpus ad testificandum for the petitioner and any incarcerated witnesses, and are directed to monitor execution of any such writs to ensure that the petitioner and any other essential witness is timely brought to court.  The parties shall make their own arrangements for the attendance of non-incarcerated witnesses.

V. If either side anticipates any further matter which should be resolved prior to the hearing, it shall forthwith file a statement of such issue(s) with the court.

IT IS SO ORDERED.

DATED: August 18, 2009

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE